**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
MUTUAL BENEFIT GROUP,         )
                              )
            Plaintiff,        )
                              )
        v.                    )   Civil Action No. 02-1608 (EGS)
                              )
GENTZLER & SMITH ASSOCIATES,  )
et al.,                       )
                              )
            Defendants.       )
_____)
```

<u>**MEMORANDUM OPINION**</u>

Pending before the Court is Gentzler & Smith Associates'
("Gentzler") motion to dismiss for lack of subject matter
jurisdiction[1] and Mutual Benefit Group's ("Mutual") motion to
change venue.[2]  Upon consideration of the motions, responses and
replies thereto, the applicable law, and arguments made during
the motions hearing on July 25, 2007, the Court **GRANTS** Gentzler's
motion to dismiss and **DENIES** Mutual's motion to change venue.

**I.    BACKGROUND**

This case was originally brought by plaintiffs Kemper and
McHenry against defendants Mutual, Gentzler, and United Aluminum

_____

[1] The Court has construed Gentzler's April 26, 2007 status
report as a motion to dismiss.

[2] Although the motion to change venue indicates that it has
been filed by Mutual Benefit and former plaintiffs Kemper
Insurance Company ("Kemper") and Clyde McHenry ("McHenry"), the
Court considers this a motion of Mutual alone, as Kemper and
McHenry were dismissed from the case on March 31, 2007.

Windows & Consulting Co. ("United").[3]   The case concerns a workers' compensation claim filed by Richard Sanders.   Kemper, an Illinois citizen, and McHenry, a citizen of Maryland, sought to have this Court declare whether or not there is insurance coverage under the worker's compensation insurance contract issued by Mutual to United through Mutual's agent Gentzler. United, Mutual, and Gentzler are Pennsylvania corporations. Jurisdiction in this case was originally based on diversity of citizenship.

In a motion filed on May 19, 2006, former plaintiffs Kemper and McHenry moved to dismiss their claims against Mutual only and Mutual moved to dismiss its counterclaims against plaintiffs. The first page of the motion asks the Court to allow Mutual to "substitute itself for Kemper/McHenry in the pursuit of" plaintiffs' remaining claims against other defendants, including Gentzler.   Pls.' Mot. for Dismissal Against Mutual Only and Mutual's Mot. for Dismissal of Counterclaims Against Plaintiffs ("Mot. for Dismissal") at 1.   In paragraph 18 of the memorandum in support of the motion, Mutual states that "Counsel for Mutual

---

[3] Although United appears still nominally to be a defendant in this case, United's attorney filed a motion to withdraw as counsel on March 29, 2005, indicating that United has ceased all operations and no longer has any income or assets with which to pursue its cross-claims or continue to defend in this action. The Court granted that motion the same day it was filed, and United has not filed anything in this action or otherwise defended the case since that date.

Benefit seeks to substitute in place of current counsel for
continued representation of Kemper and McHenry in this action
insofar as the prosecution of the claim of Kemper and McHenry
against Genztler."  Mem. in Support of Motion for Dismissal at
¶ 18.  The memorandum in support concludes by asking the Court to
"preserv[e] for the benefit of Mutual Benefit all claims that
Kemper, McHenry and Mutual Benefit have set forth in their
respective Complaint, Answer and Cross-Claim as to all other
Defendants, including but not limited to Gentzler."  Mem. in
Support of Motion for Dismissal at 5.  In the proposed order
submitted with the motion, the last decretal paragraph states:
"FURTHER ORDERED Mutual Benefit Group/Mutual Benefit Insurance
Company may substitute for the original plaintiffs, Kemper
Insurance Company and Clyde McHenry, Inc. in the pursuit of their
claims as to all other parties."  Proposed Order at 2 (submitted
with Motion for Dismissal on May 19, 2006).

Based on the above-referenced Motion for Dismissal, the
Court issued a Memorandum Opinion and Order dated March 31, 2007
that indicated that "Mutual may substitute for the original
plaintiffs, Kemper and McHenry, in pursuit of their claims as to
all parties thereby resulting in Kemper and McHenry's dismissal
from this lawsuit."  Mem. Op. and Order at 6 (Mar. 31, 2007).
The Court also denied without prejudice cross motions for summary
judgment filed by Mutual and Gentzler and ordered the parties to

submit a proposal for further proceedings and address the issue of whether the Court still has jurisdiction over the case.  As a result of the Court's Memorandum Opinion and Order, the Clerk of the Court changed the docket to reflect that Mutual is now the plaintiff in this case and Gentzler and United, to the extent United is still in the case, are the defendants.

On April 26, 2007, Gentzler indicated in its status report that the Court must dismiss this case as there is no longer diversity of citizenship between the remaining two parties – Mutual and Gentzler – which are both Pennsylvania corporations. The Court construed this status report as a motion to dismiss for lack of subject matter jurisdiction and directed Mutual to respond.

On April 27, 2007, Mutual and now dismissed plaintiffs Kemper and McHenry indicated in their status report that their motion was only a motion to dismiss claims and not a motion to dismiss parties.  They argue that they only wanted to have counsel for Mutual substitute in for counsel for Kemper and McHenry so that Mutual's counsel could pursue the original plaintiffs' claims against the other defendants.  In effect, they state that they were asking to have the same counsel represent plaintiffs Kemper and McHenry and defendant Mutual in plaintiffs' claims and Mutual's claims against other defendants.  Mutual and the original plaintiffs also filed a motion to transfer venue to

the Middle District of Pennsylvania as the remaining claims in the case are against Gentzler (a Pennsylvania corporation), involve Pennsylvania law, and primarily Pennsylvania witnesses and entities.

## II.  MOTION TO DISMISS FOR LACK OF JURISDICTION

The Court has construed Gentzler's status report as a motion to dismiss for lack of subject matter jurisdiction.  Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court has "an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Federal Rule of Civil Procedure 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject matter, the court shall dismiss the action."

In order for the Court to have subject matter jurisdiction in a diversity case pursuant to 28 U.S.C. § 1332, there must be complete diversity between plaintiffs and defendants. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Generally, diversity jurisdiction is established at the commencement of an action and does not change based on the change in citizenship of one of the parties. *See Louisville N.A. & C.R. Co. v. Louisville Trust Co.*, 174 U.S. 552, 566 (1899); *Zurn Industries, Inc. v. Acton Construction Co.*, 847 F.2d 234, 236

5

(5th Cir. 1988).  One exception to this general rule is the realignment of parties.  *Zurn*, 847 F.2d at 236.  When the real parties in interest are realigned in a lawsuit, there must be "an actual, substantial controversy between citizens of different states to sustain diversity jurisdiction."  *Id.* (citing *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941)).  "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who are defendants."  *City of Indianapolis*, 314 U.S. at 69.  Courts must "look beyond the pleadings and arrange the parties according to their sides in the dispute."  *Id.* (internal quotation marks and citations omitted).

Mutual, Kemper, and McHenry argue that there still is diversity jurisdiction if the Court clarifies its March 31, 2007 Memorandum Opinion and Order to reflect only that counsel for Mutual is substituting for counsel for Kemper and McHenry rather than that Mutual as a party is substituting for plaintiffs as parties.  There is no evidence, however, that Kemper and McHenry continue to have a stake in the outcome of this case.  Moreover, Mutual and the original plaintiffs provide no other basis for arguing that diversity jurisdiction continues to exist or that the Court should retain jurisdiction even though diversity has been destroyed.

The Court cannot sanction Mutual's attempt to try to manufacture diversity jurisdiction where it no longer exists. This is in direct violation of 28 U.S.C. § 1359, which states that a district court "shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of the Court."  The Court rejects Mutual's attempt to maintain the fiction that there are still diverse parties even though the original plaintiffs are no longer real parties in interest in the case.

In a case from the United States District Court for the Southern District of Florida that is factually analogous to this one, where only two Florida defendants' cross-claims against one another remained after a settlement was reached with plaintiff, the Court held that diversity had been destroyed and dismissed the case for lack of subject matter jurisdiction. *See Averix, Ltd. v. Hialeah Industries, Inc.*, 745 F. Supp. 688 (S.D. Fl. 1990).  In dismissing the case, the Court reasoned that, upon consideration of the interests of the real parties left in the case, the court did not retain subject matter jurisdiction, as there was no longer diversity between the parties.  *Id*. at 689. For the same reasons articulated by that court, this Court finds that it lacks subject matter jurisdiction.  Accordingly, the

Court **grants** Gentzler's motion to dismiss for lack of jurisdiction.

## III. MOTION TO CHANGE VENUE

Mutual (joined by now dismissed plaintiffs Kemper and McHenry) has filed a motion to change venue to the United States District Court for the Middle District of Pennsylvania.  The sole remaining claims in this case are those of Mutual against Gentzler and the claims Mutual has inherited from Kemper and McHenry against Gentzler.[4]  These claims involve Pennsylvania entities (Mutual and Gentzler), primarily Pennsylvania witnesses, and Pennsylvania law.  Were the Court to have subject matter jurisdiction over the case, transfer to the Middle District of Pennsylvania may well be appropriate.  As discussed above, however, no district court in the United States has subject matter jurisdiction over this case as there is no longer diversity jurisdiction.  Accordingly, this Court cannot transfer the case to any other district court and, instead, must dismiss the case for lack of subject matter jurisdiction.

## IV.  CONCLUSION

For the foregoing reasons, the Court **grants** Gentzler's motion to dismiss based on lack of subject matter jurisdiction

---

[4] To the extent any claims remain against United, the analysis for purposes of both diversity jurisdiction and change of venue are the same, as United is also a Pennsylvania corporation.

and **denies** Mutual's motion to change venue.  An appropriate order

accompanies this Memorandum Opinion.

**Signed:**       **Emmet G. Sullivan**
                **United States District Judge**
                **July 30, 2007**